**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

————————————————————————————

|  |  |  |
|---|---|---|
| CHERYL RENEE SAID, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-1289 (RBW) |
| | ) | |
| THE NATIONAL RAILROAD PASSENGER | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

————————————————————————————

**MEMORANDUM OPINION**

Currently pending before the Court is the plaintiff's Motion to Reconsider Order Denying

Plaintiff's Motion to Amend Her Complaint Pursuant to Rule 60(b)(6) of the Federal Rules of

Civil Procedure ("Mot."), which the defendant opposes, Opposition to Plaintiff's Motion for

Reconsideration ("Opp'n").  Upon careful consideration of the parties' submissions,[1] the Court

will deny the motion, there being no reason to reverse its earlier rulings.

Although the plaintiff moves for reconsideration under Federal Rule of Civil Procedure

60(b)(6), which generally concerns the amendment of final judgments and orders, the Court will

consider the plaintiff's motion under Federal Rule of Civil Procedure 54(b) because its April 21,

2016 Memorandum Opinion and the accompanying Order "adjudicate[d] fewer than all claims"

presented.  Fed. R. Civ. P. 54(b).  Under Rule 54(b), any order or decision that does not

constitute a final judgment "may be revised at any time before the entry of a judgment

adjudicating all the claims and all the parties' rights and liabilities."  Id.  Courts grant motions

for reconsideration of interlocutory orders only "as justice requires."  E.g., Capitol Sprinkler

---

[1]  In addition to the motion and the opposition thereto, the Court considered the Plaintiff's Reply to Defendant's
Opposition and in Support of Her Motion for Reconsideration ("Reply").

Inspection, Inc. v. Guest Servs., Inc., 630 F.3d 217, 227 (D.C. Cir. 2011) (quoting Greene v.

Union Mut. Life Ins. Co. of Am., 764 F.2d 19, 22-23 (1st Cir. 1985)).  In deciding whether

"justice requires" reversal of a prior interlocutory order, courts assess circumstances such as

"whether the court 'patently' misunderstood the parties, made a decision beyond the adversarial

issues presented, made an error in failing to consider controlling decisions or data, or whether a

controlling or significant change in the law has occurred."  In Defense of Animals v. NIH, 543 F.

Supp. 2d 70, 75 (D.D.C. 2008) (quoting Singh v. George Wash. Univ., 383 F. Supp. 2d 99, 101

(D.D.C. 2005)).  "The burden is on the moving party to show that reconsideration is appropriate

and that harm or injustice would result if reconsideration were denied."  United States ex rel.

Westrick v. Second Chance Body Armor, Inc., 893 F. Supp. 2d 258, 268 (D.D.C. 2012) (citing

Husayn v. Gates, 588 F. Supp. 2d 7, 10 (D.D.C. 2008)).  And motions for reconsideration are

vehicles for neither reasserting arguments previously raised and rejected by the court nor

presenting arguments that should have been raised previously with the court.  E.g., Estate of

Gaither ex rel. Gaither v. District of Columbia, 771 F. Supp. 2d 5, 10 & n.4 (D.D.C. 2011).

      The plaintiff continues to assert that her failure to exhaust her administrative remedies is

no bar to her breach of contract claim against the defendant because the defendant repudiated the

private grievance machinery by intentionally sending her a termination letter to an incorrect

mailing address, causing her to miss relevant grievance deadlines under the applicable Collective

Bargaining Agreement ("CBA").[2]  See Mot. at 6.  But the CBA provides that grievance

deadlines "may be extended by mutual agreement in writing."  Opp'n, Exhibit ("Ex.") 1 (Excerpt

---

[2]  The Court presumes familiarity with its decision denying the plaintiff's motion to amend the complaint.  Said v. Nat'l R.R. Passenger Corp., _ F. Supp. 3d _, _, 2016 WL 1610601, at *1-2 (D.D.C. 2016) (Walton, J.).

of Collective Bargaining Agreement ("CBA Excerpt")) at 2.[3]  And because the plaintiff never

alleges in her complaint or amended complaint that she attempted to extend the grievance

deadlines in the CBA, let alone allege that the defendant represented that they would refuse to do

so, the Court cannot find that the defendant repudiated any grievance machinery.  Cf. Vaca v.

Sipes, 386 U.S. 171, 184 (1967) ("Since the employee's claim is based upon breach of the

collective bargaining agreement, he is bound by terms of that agreement which govern the

manner in which contractual rights may be enforced.  For this reason, it is settled that the

employee must at least attempt to exhaust exclusive grievance and arbitration procedures

established by the bargaining agreement." (emphasis added)); Pyles v. United Air Lines, Inc., 79

F.3d 1046, 1053 (11th Cir. 1996) (explaining that showing of repudiation is insufficient where

there is only a "suggest[ion]" that defendant employer "would attempt to block on jurisdictional

grounds any action before a system board").

     The plaintiff also continues to invoke the futility exception to excuse her failure to

exhaust administrative remedies.  See Mot. at 7.  But, again, because she has never alleged that

she personally attempted to utilize the grievance procedures outlined in either the CBA or the

Railway Labor Act ("RLA"), 45 U.S.C. § 151 (2012), the Court cannot find futility here.  The

demonstration that her union was of the opinion that resorting to administrative remedies would

have been futile for her, see, e.g., Mot., Ex. 2 (April 27, 2016 Email From Dwayne Bateman to

Plaintiff's Counsel ("Apr. 27, 2016 Email")) at 2, is insufficient to render the futility exception

applicable, see Everett v. USAir Grp., 927 F. Supp. 478, 485-86 (D.D.C. 1996) (noting futility in

RLA case not demonstrated by low probability of success before an administrative body), aff'd

sub nom., 194 F.3d 173 (D.C. Cir. 1999); see also Emswiler v. CSX Transp., Inc., 691 F.3d 782,

---

[3]  For pincites to exhibits, the Court will use the page numbers assigned by this Court's electronic court filing ("ECF") system.

791 (6th Cir. 2012) ("It is insufficient to show that a party subjectively thought procedures would be futile." (citing Terwilliger v. Greyhound Lines, Inc., 882 F.2d 1033, 1039 (6th Cir. 1989)));

Addington v. US Airline Pilots Ass'n, 588 F. Supp. 2d 1051, 1064 (D. Ariz. 2008) ("[T]he fact that the administrative body is likely to rule against the plaintiffs on the merits does not necessarily render exhaustion futile."); Larsen v. AirTran Airways, Inc., No. 07-CV-442-T-17-TBM, 2007 WL 2320592, at *6 (M.D. Fla. Aug. 10, 2007) ("The test for futility however, cannot be simply whether the submitted claim has a chance of success." (citing Capraro v. United Parcel Serv. Co., 993 F.2d 328, 336 (3d Cir. 1993))); Lauletta v. Int'l Bhd. of Teamsters, Airline Aerospace Emps. Teamster Local 732, No. Civ. A. 95-867, 1996 WL 210805, at *6 n.4 (E.D. Pa. May 1, 1996) ("A proceeding in arbitration is futile only when, through bias, prejudice[,] or predisposition on the part of the arbitration board, there would be no point in submitting the claim to arbitration." (quoting Miklavic v. USAIR, Inc., 21 F.3d 551, 553 (3d Cir. 1994)));

Kozina v. Balt. & Ohio Chi. Terminal R.R. Co., 609 F. Supp. 53, 55 (N.D. Ill. 1984) ("[I]f [the] plaintiff does not have faith in his union 'grievor,' this will not render the process useless.  [The] [p]laintiff may prosecute his grievance on his own.  He is not required to use the union 'grievor.'" (citing Essary v. Chi. & N.W. Transp. Co., 618 F.2d 13, 17 n.6 (7th Cir. 1980))).

Finally, the plaintiff has not presented any information that rebuts the Court's previous conclusion that the CBA governs her conduct as it relates to leaves of absence, which precludes the assertion of a promissory estoppel claim.  See Said v. Nat'l R.R. Passenger Corp., _ F. Supp. 3d _, _, 2016 WL 1610601, at *5 (D.D.C. 2016) (Walton, J.).  The plaintiff contends, however, that once the defendant terminated her, she was no longer a member of her union, and thus not bound by the CBA.  See Mot. at 10.  This contention is not accompanied by any citation to legal authority—perhaps because none exists—or to a provision in the CBA that excludes claims of

unlawful termination from the grievance procedures.  See Opp'n, Ex. 1 (CBA Excerpt) at 2

(providing grievance mechanism for "[a]ll claims and grievances other than those involving

discipline"[4]).  Accordingly, the plaintiff's motion must be denied.

       **SO ORDERED** on this 9th day of June, 2016.

REGGIE B. WALTON<br/>
United States District Judge

---

[4]  Nowhere in the plaintiff's reply does she dispute that "[s]elf-invoking terminations are not [claims involving] discipline."  Opp'n at 3 n.1.